IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS JOSEPH DUNPHY, JR.,

    Petitioner,                    No. CIV S-04-2623 DFL KJM P

    vs.

DAVID L. RUNNELS,                ORDER AND

    Respondent.[1]               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding with an application for writ of habeas corpus under 28 U.S.C. § 2254. On March 9, 2006, the court recommended that this action be dismissed due to petitioner's failure to file an opposition to respondent's July 18, 2005 motion to dismiss. Petitioner has now filed an opposition. Therefore, the court will vacate the March 9, 2006 findings and recommendations and address the merits of respondent's motion to dismiss.

/////

/////

---

[1] In respondent's motion to dismiss, counsel asks that Tim Sullivan, Regional Chief Parole Officer, be substituted as respondent in this action, because, according to counsel for respondent, petitioner has been released on parole. Mot. at 1 n.1. However, petitioner's opposition indicates that petitioner is still housed at High Desert State Prison. Based on this record, Officer Sullivan will not be substituted as respondent at this time.

1

Respondent argues that petitioner's habeas application is time-barred. The Antiterrorism and Effective Death Penalty Act provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In this case, petitioner appealed his conviction and sentence to the California Court of Appeal. Resp't's Lodged Document 2. The Court of Appeal rendered its decision with respect to petitioner's appeal on February 25, 2002. Id. Because petitioner did not file a petition for review in the California Supreme Court, his conviction and sentence became final for purposes of 28 U.S.C. § 2244(d)(1)(A) forty days later, on April 6, 2002. Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002).

The record before the court does not indicate that the limitations period applicable to this action began under another provision of 28 U.S.C. § 2244(d)(1) other than section (A). Because this action was not filed until December 10, 2004, respondent's motion to dismiss this

action as time-barred should be granted.[2]

Respondent also argues in his motion to dismiss that plaintiff has not exhausted state court remedies with respect to one of his claims. In light of the foregoing, the court need not reach this argument.

In his opposition to respondent's motion, petitioner asks for the appointment of counsel. In light of the foregoing, that request will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The court's March 9, 2006 findings and recommendations are vacated; and

2. Petitioner's April 7, 2006 request for the appointment of counsel is denied.

IT IS HEREBY RECOMMENDED that:

1. Respondent's July 18, 2005 motion to dismiss be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

/////
/////
/////
/////
/////
/////

---

[2] Petitioner filed two actions seeking collateral relief in California courts. Resp't's Lodged Documents 4 & 6. These actions are of no consequence to a determination as to whether petitioner's application for writ of habeas corpus is time-barred because, by the time they were filed in October 2004, the limitations period had run out. See Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

3

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 11, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

1
dunp2623.157